```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

ASTON R. McLEARY,

             Petitioner,           **No. 11-CV-6075(MAT)**
   -vs-                                          **DECISION AND ORDER**

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (U.S.C.I.S.),

            Respondent.
___

ASTON R. McLEARY,

             Petitioner,
   -vs-                                          **No. 11-CV-6275(MAT)**
                                                                   **DECISION AND ORDER**

(INS) Currently DHS office of
U.S.C.I.S.,

            Respondent.
___

**I.  Introduction**

     Petitioner pro se Aston R. McLeary ("McLeary" or "Petitioner") has instituted the above-captioned proceedings in District Court. At the time he filed the petitions, he was an alien under a final order of removal based upon his conviction of an offense qualifying as an "aggravated felony" for purposes of the INA, and he was in custody of Department of Homeland Security/Immigrations and Customs Enforcement ("DHS/ICE"). Accordingly, the petitions were deemed to be brought under the authority of 28 U.S.C. § 2241. However, the petitions did not seek McLeary's release from custody of DHS/ICE. Instead, they challenged the denial of his application for

naturalization by United States Citizenship and Immigration Services ("USCIS").

In the first petition filed February 9, 2011, <u>McLeary v. United States Citizenship and Immigration Services</u>, No. 11-CV-6075(DGL)(MWP) (W.D.N.Y.) ("11-CV-6075"), Petitioner seeks relief under 8 U.S.C. § 1447(b) which permits an individual who has filed a naturalization application, has been the subject of a completed "examination" pursuant to 8 U.S.C. § 1446, and who has not timely received a determination on his application, to "apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b).

In the second proceeding filed June 1, 2011, <u>McLeary v. (INS) Currently DHS office of U.S.C.I.S.</u>, No. 11-CV-6275(DGL)(MWP) (W.D.N.Y.) ("11-CV-6275"), Petitioner seeks the same relief–judicial review of his denied N-400 application for naturalization. Both cases have been transferred to the undersigned.

## II.  Factual Background and Procedural History[1]

### A.  Removal Proceedings

Petitioner is a native and citizen of Jamaica and a lawful permanent resident of the United States. He was admitted to this country at New York, New York, on or about April 26, 1963.

---

[1] The record citations in the Factual Background and Procedural History are from documents submitted in 11-CV-6075.

(Respondent's Exhibit ("Resp't Ex.") 1, Declaration of Michele Morris, ¶4 ("Morris Decl."); Resp't Ex. 1-F at 3.

On April 5, 2006, McLeary was convicted in Schenectady County Court, in Schenectady, New York, for burglary in the third degree (N.Y. Penal Law § 140.20), a class D nonviolent felony. McLeary was sentenced to a term of incarceration of one year, and served 245 days in prison. Morris Decl., ¶14; Resp't Ex. 1-D at 1-2.

On August 21, 2008, McLeary was placed in removal proceedings and charged with being subject to removal from the United States as an alien who has been convicted of a controlled substance offense; as an alien who has been convicted of an aggravated felony, relating to a theft offense or burglary; and as an alien who has been convicted of two crimes involving moral turpitude. Morris Decl., ¶15.

On March 18, 2009, an immigration judge ("IJ") ordered McLeary removed from the United States to either England or Jamaica pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because of his conviction in 2006 which constituted a "removable aggravated felony" as defined under INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). Morris Decl., ¶16, Resp't Ex. 1-A. In addition, the IJ determined that McLeary did not meet his burden of proving by clear and convincing evidence that he was either a citizen or a national of the United States. McLeary could not obtain derivative citizenship from his father, who had naturalized after he had attained eighteen years of age. McLeary's service and registration

in the United States military, alone, was insufficient to convey nationality. Resp't Ex. 1-G at 10-11.

McLeary appealed his removability before the Board of Immigration Appeals ("BIA") and filed a motion to reopen. On June 29, 2009, the BIA dismissed his appeal and denied his motion to reopen. Morris Decl., ¶¶ 16-17; Resp't Ex. 1-G at 1-6. While his petition for review was pending in the Second Circuit, see Section II.D, infra, McLeary filed a motion to reconsider and motion for stay of removal with the BIA, which was denied on August 13, 2009. The motion to reconsider was denied on November 20, 2009. Resp't Ex. 3 at 1-3. McLeary also filed a motion to reconsider with the BIA which was denied on July 14, 2010. Resp't Ex. 3 at 4-5. He then filed a motion to reopen proceedings with the BIA, which was denied on October 5, 2010. Id. at 6-7.

**E.   Petitioner's Application for Naturalization**

McLeary filed an N-400 application for naturalization on April 19, 2010, with USCIS, on the basis of qualifying military service. Morris Decl., ¶18; Resp't Ex. 1-A. at 3. Although McLeary passed the English, history, and government tests, his application was denied on September 29, 2010, on six separate grounds. See Morris Decl., ¶18; Resp't Ex. 1-A.

First, McLeary was not eligible pursuant to INA § 329, 8 U.S.C. § 1440, which allows for the naturalization of qualified military personnel, because he was discharged from the United States Air Force "Under Other Than Honorable Conditions." Morris Decl., ¶18; Resp't Exs. 1-A at 2-3, 1-E at 2,8.

Second, USCIS found him ineligible to naturalize under INA § 316(a) since his 2006 conviction for burglary in the third degree, an aggravated felony under INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G), permanently precludes him from establishing good moral character for naturalization purposes. Morris Decl., ¶18; Resp't Ex. 1-A at 6.

Third, USCIS found that under 8 C.F.R. § 316.10(b)(2)(i), this same burglary constituted a crime involving moral turpitude, other than a purely political offense, during the statutory period, and therefore precluded McLeary him from naturalizing.

Fourth, because McLeary was confined to a penal institution for more than 180 days for the third degree burglary conviction during the relevant statutory period, he was ineligible to naturalize pursuant to 8 C.F.R. § 316.10(b)(2)(v).

Fifth, USCIS found that McLeary was unable to prove good moral character as required by INA § 316(a)(3), 8 U.S.C. § 1427(a)(3), since he had been arrested "at least 18 times and convicted of multiple criminal offenses" such as burglary, third degree assault, second degree harassment, second degree criminal use of drug paraphernalia, second degree criminal impersonation, and second degree aggravated unlicensed use of a motor vehicle.[2] This conduct was found by USCIS to preclude a determination of "good moral character." See 8 C.F.R. § 316.10(a)(2). See Resp't Exs. 1-B at 3, 1-A at 6.

---

[2] See Respondent's Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried, ¶¶ 9-11 (Dkt. #8).

Sixth, USCIS determined that because McLeary had an outstanding final order of removal against him, and since he was not otherwise eligible under INA § 329, 8 U.S.C. § 1440, a statute that relaxes the naturalization requirements for persons who have served in the United States military on active-duty status during wartime, he was ineligible to naturalize under INA § 318, 8 U.S.C. § 1429. Resp't Ex. 1-A at 7.

Pursuant to INA § 336, 8 U.S.C. § 1447, McLeary appealed USCIS's denial of his application for naturalization. Morris Decl., ¶20. On February 4, 2011, USCIS denied McLeary's appeal. Id.; Resp't Ex. 1-B.

On July 21, 2010, McLeary filed an application for certificate of citizenship, Form N-600, pursuant to INA § 321. Morris Decl., ¶19; Resp't Ex. 1-F. McLeary was interviewed by a USCIS immigration services officer on that same date. During the interview for the Form N-600 application, McLeary was asked to read and sign a copy of the Oath of Allegiance, which appears on the duplicate copy of the Certificate of Citizenship. This is normal procedure in the Buffalo, New York District Office for all Form N-600 applications in which the applicant is over the age of fourteen. The signing of this document does not automatically grant United States citizenship to the signee, unless the Form N-600 application is approved. Morris Decl., ¶19.

USCIS denied McLeary's N-600 application pursuant to INA §§ 301(g), 320, 321 and 322 on August 23, 2010. Morris Decl., ¶19; Resp't Ex. 1-F. McLeary did not appeal this denial. Id.

On October 12, 2010, McLeary filed a Request for a Hearing on a Decision in Naturalization Proceedings (Form N-336) pursuant to INA § 336. McLeary was interviewed on January 25, 2011, by USCIS with respect to that application, which was denied on February 4, 2011. Morris Decl., ¶20; Resp't Ex. 1-B.

**D.    The Petitions for Review in the Second Circuit**

Prior to and during the pendency of his proceedings in this Court, McLeary has filed a number of petitions for review in the Second Circuit Court of Appeals. See McLeary v. Holder, No. 09-2836-ag (2d Cir. Nov. 30, 2009); McLeary v. Holder, 09-5056-ag (2d Cir. Jun 17, 2010); McLeary v. Holder, 10-2896-ag (2d Cir. Jan. 25, 2011); McLeary v. Holder, 11-0565-ag (2d Cir. June 24, 2011); McLeary v. Holder, 11-217 (2d Cir. June 24, 2011); McLeary v. Holder, 10-4108 (2d Cir. June 24, 2011); McLeary v. Holder, 11-2047-ag (2d Cir. Nov. 3, 2011). For this Court's purposes, the Second Circuit's decision in 11-2047-ag is of particular relevance, as discussed below in Section III.B. In that order, the Second Circuit dismissed McLeary's petition for review based upon lack of jurisdiction to review the challenged BIA order because it no longer constituted a final order of removal.

**E.    The Habeas Petitions in District Court**

**1.    McLeary v. Herron, et al., 10-CV-6068**

McLeary filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on February 8, 2010, McLeary v. Herron, et al., 10-CV-6068(MAT) (W.D.N.Y.), challenging his

detention in the custody of DHS/ICE. During the pendency of 10-CV-6068, Schenectady County Court vacated the judgment of conviction on the third degree burglary charge based upon ineffective assistance of trial counsel, and allowed McLeary to plead guilty to one count of misdemeanor criminal trespass and receive time served. See Transcript of August 18, 2011 Hearing in Schenectady County Court ("8/18/11 Tr.") at 6 (11-CV-6075, Dkt. #14); see also Supplemental Affidavit of Gail Mitchell, Esq. & Exhibits (11-CV-6075, Dkt. #13-1). The third degree burglary conviction, a class D non-violent felony, was accordingly reduced to a class A misdemeanor, criminal trespass (N.Y. Penal Law § 140.15(1)), in full satisfaction of the indictment. 8/18/11 Tr. at 6-7. Petitioner received time served, which was eight months. Id. at 7. On September 23, 2011, this Court dismissed the petition in 10-CV-6068 as moot based upon McLeary's release from Respondent's custody on a $1,500-bond on September 1, 2011.

### 2. **McLeary v. USCIS**, **11-CV-6075**

Meanwhile, on February 16, 2011, McLeary filed case number 11-CV-6075, seeking a writ of mandamus under 8 U.S.C. § 1447(b). Specifically, McLeary requested that the Court "take jurisdiction" over his denied N-400 application for naturalization and "independently adjudicate the application." Petition ("Pet."), ¶¶3, 4 (11-CV-6075, Dkt. #1). The proceeding was characterized as a habeas petition under 28 U.S.C. § 2241 because it was brought by an individual in federal custody. At the time, McLeary was in custody of DHS/ICE pending his deportation.

### 3. <u>McLeary v. (INS) Currently DHS office of U.S.C.I.S.</u>, 11-CV-6275

On June 1, 2011, McLeary filed a third petition with this Court, again seeking judicial review of USCIS's denial of his N-400 application for naturalization. <u>McLeary v. (INS) Currently DHS office of U.S.C.I.S.</u>, No. 11-CV-6275-DGL-MWP (W.D.N.Y.). McLearly states that he seeks relief under 8 C.F.R. § 336.9(b), the implementing regulations of 8 U.S.C. § 1421(c). Petitioner also requests a stay of removal while the Court considers his petition. The proceeding was characterized as a habeas petition under 28 U.S.C. § 2241 because it was brought while McLeary was in custody of DHS/ICE. Presently pending in 11-CV-6275 is Respondent's Motion to Dismiss, or Alternatively for Summary Judgment (11-CV-6275, Dkt. #5).

### 4. Pending Motions in 11-CV-6075 and 11-CV-6275

Respondent filed a Motion to Dismiss, or Alternatively for Summary Judgment (11-CV-6075, Dkt. ##7, 8, 9, 10) on April 21, 2011, seeking dismissal of the petition based upon for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted; or, in the alternative, for summary judgment in favor of Respondent because there are no genuine issues of material fact. McLeary filed two responsive pleadings (11-CV-6075, Dkt. ##11, 12). The Government filed a Memorandum in Support (11-CV-6075, Dkt. #13) of their Motion to Dismiss.

On August 25, 2011, Petitioner filed a "Motion for an Order to Show Cause" (11-CV-6075, Dkt. #15). The Government filed another

Memorandum in Support (11-CV-6075, Dkt. #16) of the Motion to Dismiss.

In 11-CV-6275, the Government filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (11-CV-6275, Dkt. #5) on July 7, 2011. Pursuant to the Court's directive, Petitioner responded to the Government's Motion to Dismiss (11-CV-6275, Dkt. #7) on August 9, 2011. The Government submitted a Reply (11-CV-6275, Dkt. #7) to correct what it described as "factual and legal errors" in McLeary's August 9, 2011 submission.

The Government's Motions to Dismiss, or in the Alternative for Summary Judgment ("the Motions to Dismiss") in both cases are fully briefed and ready for decision. For the reasons that follow, the Motions to Dismiss are granted, and the petitions are dismissed. Petitioner's Motion for an Order to Show Cause likewise is dismissed.

### III. Petitioner's Naturalization Claim

#### A.   Jurisdiction

Until 1990, "naturalization authority and removal authority were vested in different branches of government, with naturalization being the province of the courts and removal the province of the executive acting through the Attorney General." Ailani v. Chertoff, 545 F.3d 229, 235 (2d Cir. 2008). With the passage of the, "Congress substantially reformed the naturalization process[,]" Perriello v. Napolitano, 579 F.3d 135, 139 (2d Cir. 2009), establishing "that '[t]he sole authority to naturalize

persons as citizens of the United States is conferred upon the Attorney General.'" Id. (citing 8 U.S.C. § 1421(a)).

Notwithstanding the ultimate authority of the Attorney General to decide applications for naturalization, "statutory standards governing naturalization, and naturalization decisions by the [US]CIS (acting for the Attorney General) are subject to judicial review." Escaler v. United States Citizenship & Immigr. Servs., 582 F.3d 288, 289-90 (2d Cir. 2009); see also Perriello, 579 F.3d at 140 n.5 (noting that Immigration Act of 1990 ("IMMACT"), Pub. L. No. 101-649, 104 Stat. 4978 (Nov. 29, 2009), "preserved a role for federal courts in the naturalization process").

Under IMMACT, "[t]here are three avenues of judicial review" of a naturalization claim. Escaler, 582 F.3d at 290-91.

> First, if an application for naturalization is not acted upon within 120 days of the naturalization examination, an applicant can seek a hearing in a district court, which may determine the application or remand it to the CIS with instructions. 8 U.S.C. § 1447(b). Second, if an application is denied after completion of the available administrative review procedures, the applicant is able to seek review of the denial in a district court. 8 U.S.C. § 1421(c). The court is empowered to conduct a de novo review, making "its own findings of fact and conclusions of law," and may conduct a hearing de novo. Id. Third, in extreme cases, mandamus relief may be available under [28] U.S.C. § 1361 for a failure to perform a clear, nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

Escaler, 582 F.3d at 291. Thus, this Court may properly exercise jurisdiction over McLeary's naturalization claim, and Respondent does not contend otherwise.

### B. The Effect of the Reopening of Removal Proceedings on the Court's Ability to Adjudicate the Naturalization Claim

After McLeary's conviction for third degree burglary was vacated on August 18, 2011, he no longer stood convicted of an "aggravated felony", which was the basis for ordering him removed. Accordingly, on August 31, 2011, ICE filed a motion to reopen removal proceedings against McLeary on the basis that he instead is removable under INA § 237(a)(2)(A)(ii) for having committed two crimes involving moral turpitude. Respondent's Supplemental Memorandum of Law ("Resp't Supp. Mem.") at 3 (11-CV-6075, Dkt. #16).

This motion apparently has been granted. On November 3, 2011, in McLeary v. Holder, 11-2047-ag, the Second Circuit dismissed McLeary's petition for, inter alia, review of the BIA's denial of his motion to reopen, noting that "that there is no longer a final order of removal in Petitioner's proceedings because the BIA reopened those proceedings and remanded to an Immigration Judge for a new decision." McLeary v. Holder, 11-2047-ag (2d Cir. Nov. 3, 2011). Respondent argues that the reopening of removal proceedings divests this Court of jurisdiction over McLeary's application for naturalization. Resp't Supp. Mem. at 3 (noting that if the BIA reopens removal proceedings against McLeary, "the District Court will no longer have jurisdiction over McLeary's application for naturalization") (citing INA § 318, 8 U.S.C. § 1429 ("[N]o application for naturalization shall be considered by the Attorney

General if there is pending against the applicant a removal proceeding . . . .").

The Second Circuit addressed this question in <u>Ajlani v. Chertoff</u>, 545 F.3d 229 (2d Cir. 2008), and joined with the other circuit courts to have considered the issue in holding that "an alien cannot claim a form of relief pursuant to § 1447(b) that is forbidden by § 1429." <u>Id.</u> at 238 (citing, <u>inter alia</u>, <u>Zayed v. United States</u>, 368 F.3d 902, 906 (6th Cir. 2004)). Title 8 U.S.C. § 1429,[3] the Second Circuit explained, "clearly prohibits the Attorney General from making a final determination on naturalization while a removal proceeding is pending against the applicant[,]" and "does not permit an alien to state a claim for such relief under § 1447(b) while removal proceedings are pending against him." <u>Ajlani</u>, 545 F.3d at 238. Although 8 U.S.C. § 1429 does not deprive a district court of its statutorily-appointed jurisdiction in naturalization matters, it "'limit[s] the scope of the court's review' and 'circumscribe[s] the availability of effective remedies[.]'" <u>Id.</u> (quoting <u>Zayed</u>, 368 F.3d at 906). Thus, once removal proceedings are commenced against an alien, the district court cannot compel the Attorney General 'to grant [the

---

[3] Section 1429, known as "the priority provision" of the INA, reads, subject to various provisos not applicable in this case, as follows:

> [N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act. . . .

8 U.S.C. § 1429.

alien's] application for naturalization,' because 'the statutory bar of § 1429' cannot be overcome by 'judicial fiat.'" Id. (quoting Zayed, 368 F.3d at 906 & n. 5). Thus, "to the extent Ajlani sued for an order [under 8 U.S.C. § 1447(b)] compelling defendants to admit him to citizenship, the district court could not grant such relief." Id. at 239.

In Ajlani, as in McLeary's case, removal proceedings were initiated after the plaintiff filed for judicial relief on his naturalization claim. As in Ajlani, relief under 8 U.S.C. § 1447(b) is foreclosed due to the pendency of removal proceedings against McLeary. While removal proceedings are pending against McLeary, this Court cannot, consistent with § 1429, appropriately instruct USCIS to admit him to citizenship in advance of the completion of those removal proceedings. 545 F.3d at 239.

Furthermore, the Second Circuit has held that a district court cannot itself admit a plaintiff to citizenship while removal proceedings are pending against him or her. See Ajlani, 545 F.3d at 239-40 (holding that the priority afforded removal proceedings by § 1429 limits the district courts' authority to grant naturalization pursuant to § 1421(c) or § 1447(b)) (citing Saba-Bakare v. Chertoff, 507 F.3d 337, 340 (5th Cir. 2007)(discussing § 1447(b)); Bellajaro v. Schiltgen, 378 F.3d 1042, 1046-45 (9th Cir. 2004)(discussing § 1421(c)); Zayed v. United States, 368 F.3d at 905-06. A district court's authority to grant naturalization under § 1421(c) could not be greater than that of the Attorney General, to whom Congress had granted "'sole authority

to naturalize persons'" in the first instance. Zayed, 368 F.3d at 905-06 (quoting 8 U.S.C. § 1421(a)). "If § 1429 would preclude the Attorney General from granting naturalization to an alien because of pending removal proceedings, an alien could not secure that relief from a district court pursuant to § 1421(c)." Ajlani, 545 F.3d at 239 (citing Zayed, 368 F.3d at 906). Due to the operation of § 1429's priority provision, McLeary cannot state a claim upon which relief may be granted under 8 U.S.C. § 1421(c).

Finally, McLeary cannot avail himself of mandamus relief under 28 U.S.C. 1361, the third means of judicial review of naturalization decisions, Escaler, 582 F.3d at 290-91. Mandamus relief would only be available if McLeary could "show a '"clear and indisputable" right' to its issuance." Id. at 292 (quoting Miller v. French, 530 U.S. 327, 339 (2000) (quotation omitted)). Here, however, the Attorney General is statutorily precluded from naturalizing McLeary because he is the subject of pending removal proceedings, see 8 U.S.C. § 1429. This Court cannot order the Attorney General to undertake an act which it is legally enjoined from doing.

In light of 8 U.S.C. § 1429's priority provision, the pendency of removal proceedings precludes McLeary from stating a claim for relief under 8 U.S.C. § 1447(b) in the form of an order either compelling USCIS to admit McLeary to United States citizenship, or directly granting his naturalization. See Ajlani, 545 F.3d at 241. McLeary is also precluded from stating a claim for relief under 8 U.S.C. § 1421(c) in the form of this Court conducting a de novo

review of McLeary's naturalization claim. See Moya de Leon v. Napolitano, No. 10 Civ. 6176(DLC), 2011 WL 1990876, at *3 n.2 (S.D.N.Y. May 23, 2011) (stating that "Ajlani does not suggest a basis to distinguish between cases brought under these two provisions [i.e., § 1447(b) and § 1421(c)]"). Finally, McLeary is precluded from stating a claim under 28 U.S.C. § 1361 for a writ of mandamus against USCIS. See Neris-Maria v. Quarantillo, 09 CIV. 625 PAC THK, 2009 WL 7809000, at *4-5 (S.D.N.Y. Dec. 16, 2009) ("[M]andamus relief would only be available if the Attorney General had a 'clear, nondiscretionary duty' to naturalize Petitioner. See [Escaler, 582 F.3d at 292]. Here, however, the opposite is true: the Attorney General may not naturalize any alien who is the subject of pending removal proceedings or a final order of removal, see 8 U.S.C. § 1429, and, thus, he was barred from approving Petitioner's application because he was the subject of removal proceedings.").

## IV. 28 U.S.C. § 2241 and McLeary's Collateral Challenge To His Underlying State Court Conviction For Third Degree Burglary

Respondent has interpreted McLeary's papers as asserting a collateral challenge to his conviction for third degree burglary under New York Penal Law § 140.20, while McLeary contends that he is no way challenging that burglary conviction. This issue has been rendered moot by the Schenectady County Court's vacatur of the burglary conviction following McLeary's successful C.P.L. § 440.10 motion alleging ineffective assistance of trial counsel. See, e.g., Delgado v. Duncan, No. 02-CV-4929, 2003 WL 23185682, at *5

(E.D.N.Y. Nov. 4, 2003) ("Petitioner claims that his conviction for seventh degree criminal possession of a controlled substance should be dismissed as an inclusory concurrent count. Petitioner received relief on this claim from the Appellate Division, which vacated his conviction of this crime and dismissed the count from the indictment. The claim as raised in this habeas proceeding is denied as moot.").

**V.   Stay Of Removal**

McLeary also has requested a stay of removal. Because there currently there is no final order of removal against McLeary, this contention is moot. Accordingly, his request for a stay of removal is denied.

**VI.   Motion for Order to Show Cause**

McLeary has filed a Motion for an Order to Show Cause under 28 U.S.C. § 2243, requesting immediate release from custody and a decision from this Court on his citizenship claim. As an initial matter, McLeary has never been in the custody of USCIS, and he did not name DHS/ICE as a party to 11-CV-6075 or 11-CV-6275. Regardless, the request for release for custody has been mooted by McLeary's discharge to supervised release. With regard to the branch of his Motion for an Order to Show Cause demanding a decision regarding his naturalization application, that is denied for the reasons discussed in Section III, supra.

**VII. Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss, or Alternatively for Summary Judgment (11-CV-6075, Dkt. #7) and Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (11-CV-6275, Dkt. #5) are **granted**. The Petitions (11-CV-6075, Dkt. #1 & 11-CV-6275, Dkt. #1) are **dismissed without prejudice**. See Ajlani v. Chertoff, 545 F.3d at 241 (finding no error in district court's dismissal of petition for judicial review of naturalization application rather than holding it in abeyance pending completion of removal proceedings; stating that it did "not understand the district court to have foreclosed the possibility of refiling if removal proceedings are resolved favorably to Ajlani").

Petitioner's Motion for an Order to Show Cause (11-CV-6075, Dkt. #15) is **dismissed with prejudice**.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

The Clerk of the Court is directed to enter judgment for Respondent in McLeary v. United States Citizenship and Immigration Services, No. 11-CV-6075(MAT) and in McLeary v. (INS) Currently DHS office of U.S.C.I.S., No. 11-CV-6275(MAT), and close both cases.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:   March 21, 2012
         Rochester, New York